UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:09-CV-00073-TBR

SECURA INSURANCE COMPANY                                              PLAINTIFF

v.

GRAY CONSTRUCTION, INC.
d/b/a JAMES N. GRAY CONSTRUCTION
COMPANY, INC., and
GREEN MECHANICAL CONSTRUCTION, INC.                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant, Gray Construction's, Motion for the Court to Exercise its Discretion and Decline to Accept Jurisdiction (Docket #10). Plaintiff, Secura Insurance Company, has filed a response (Docket #13). Defendant, Green Mechanical has filed a response (Docket #15). Gray Construction has filed a reply (Docket #17). Plaintiff has filed a Motion for Leave to file a Sur-Reply and Set Oral Argument (Docket #18). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Decline Jurisdiction is DENIED; the Plaintiff's Motion for Leave to file a Sur-Reply and Set Oral Argument is GRANTED in part and DENIED in part.

## BACKGROUND

In 2001 and 2002, TOYO Tire & Rubber Co., Ltd., built an automotive parts plant in Franklin, Kentucky. The Defendant, Gray Company, was the general contractor for the project. The Defendant, Green Mechanical Construction, Inc., ("Green") was the mechanical subcontractor for the project. Both of these companies, as well as others, are named as a defendants in a tort action in Simpson Circuit Court.

The state court action is the result of an accident that occurred at the TOYO Automotive

Parts Plant on June 1, 2007.  A fire started in the mixing room of the plant which caused injuries to Tina Ann Hall which later resulted in her death.  L.V. Hall, Tina Ann Hall's widower, was appointed Administrator of her estate and he filed suit on behalf of himself and the estate in Simpson Circuit Court located in Franklin, Kentucky, on May 29, 2008.  A conservator for Ms. Hall's minor child was a co-plaintiff.

While construction of the TOYO Automotive Parts Plant was under way, Gray Company as general contractor entered into a subcontract with Green for Green to perform certain construction activities at the plant.  The subcontract also required that Green procure a commercial general liability policy with a one million dollar per occurrence limit.  Additionally, the contract required that completed operations coverage be included in the commercial general liability policy.  Green agreed that Gray Company would be named as an additional insured under the said commercial general liability policy.  Green was required to procure an umbrella liability insurance policy with limits of five million dollars. Green obtained the commercial general liability policy from Secura. Pursuant to the subcontract between Gray Company and Green, Gray Company demanded that Green provide a defense and indemnify it in the state court action.  In turn, Green notified Secura of the demand by Gray Company.  Neither Green nor Secura has provided a defense for Gray Company.  Gray Company has a pending claim against Green in state court for attorney's fees and costs.

Secura filed this action for declaratory judgment in federal court on May 29, 2009.  Secura seeks to resolve an immediate dispute over whether Secura currently owes a duty to defend or indemnify Gray Company as an "additional insured."  Count I of Secura's Petition for Declaratory Judgment seeks a declaration that the scope of "additional insured" coverage in Secura's Primary

Policy issued to Green does not cover Gray Company for the claims at issue in the state court action. Resolution of this count rests on determination of the last date that Green performed construction activities under its contract with Gray Company. Count II seeks declaration that the Gray/Green subcontract did not require Green to include Gray Company as an "additional insured" under any excess or umbrella policy. Resolution of this count rests on interpretation of the Gray/Green contract, as well as the Secura umbrella policy. Gray Company asks that this Court decline to accept jurisdiction under the Declaratory Judgment Act. Green, in its response, stated it has no objection to this Court's exercise of jurisdiction.

## STANDARD

Diversity jurisdiction requires that the amount in controversy exceed seventy five thousand dollars and be between "citizens of different states." 28 U.S.C. §1332(a)(1). This standard demands complete diversity: no defendant shall be the citizen of the same state as any plaintiff. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). The citizenship of a corporation is defined in the jurisdiction statute as "any State by which [the corporation] has been incorporated and the state where [the corporation] has its principal place of business." 28 U.S.C. §1332(c)(1).

The Declaratory Judgment Act ("Act") states that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, . . . may declare the rights and other legal relations of any interested party seeking such declaration. . . . Any such declaration shall have the force and effect of a final judgment . . . and shall be reviewable as such." 28 U.S.C. §2201(a). The Act is an enabling act, which extends the jurisdiction of the court beyond the jurisdictional basis initially required. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). While this Act authorizes district courts to exercise jurisdiction, it does not mandate or impose a duty to do so. *Bituminous*

*Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004); *Allstate Ins. Co. v.*

*Mercier*, 913 F.2d 273, 276 (6th Cir. 1990), *abrogated on other grounds by Wilton v. Seven Falls*

*Co.*, 515 U.S. 277 (1995).  The Act confers on the "federal courts unique and substantial discretion

in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286.  A district court may

not decline jurisdiction, however, as a matter of whim or personal disinclination. *Mercier,* 913 F.2d

at 277.

> In determining whether the exercise of jurisdiction is proper, the Court must consider five

factors:

> (1) whether the declaratory action would settle the controversy; (2) whether the
> declaratory action would serve a useful purpose in clarifying the legal relations in
> issue; (3) whether the declaratory remedy is being used merely for the purpose of
> 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether
> the use of a declaratory action would increase friction between our federal and state
> courts and improperly encroach upon state jurisdiction; and (5) whether there is an
> alternative remedy which is better or more effective.

*Grand Trunk W. R. R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984).  In the

determination of factor number four, three additional factors are considered:

> (1) whether the underlying factual issues are important to an informed resolution of
> the case; (2) whether the state trial court is in a better position to evaluate those
> factual issues than is the federal court; and (3) whether there is a close nexus
> between the underlying factual and legal issues and state law and/or public policy,
> or whether federal common law or statutory law dictates a resolution of the
> declaratory judgment action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

## DISCUSSION

> The Court has reviewed the briefs and found that oral argument is not necessary at this time.

The Court will consider the Sur-Reply filed by the Plaintiff (Docket #18).

> The Declaratory Judgment Act only extends the jurisdiction of a federal court; subject matter

jurisdiction must first be proper under 28 U.S.C. §1331, Federal Question, or §1332, Diversity of

Citizenship.  In this case, this action was brought based on diversity of citizenship: the Plaintiff is

a citizen of Wisconsin and the Defendants are both citizens of Kentucky.  Diversity jurisdiction in

this case is proper.

### I. Settlement of the Controversy

In order to determine whether the Court should decline to exercise jurisdiction, the Court

must look at the five factors set out above.  Recently, the Sixth Circuit issued an opinion in

*Scottsdale Ins. Co. v. Flowers*, "to clarify our precedent regarding the discretionary exercise of the

jurisdiction granted by the Declaratory Judgment Act." 513 F.3d 546, 554 (6th Cir. 2008).  While

this opinion did not overrule prior opinions on this topic, it has become the standard in this circuit

and has expressly set forth the tests to be used by district courts making this determination.

First, the Court must determine whether the declaratory action would settle the controversy.

As explained by the Sixth Circuit in *Flowers*, there are two lines of precedent regarding the first

factor.  513 F.3d at 555.  "One set of cases has concluded that a declaratory relief action can settle

the insurance coverage controversy not being addressed in state court, even though it will not help

resolve the underlying state court action." *Id.*  However, another set of cases "has found that, while

such declaratory actions might clarify the legal relationship between the insurer and the insured, they

do not settle the ultimate controversy between the parties which is ongoing in state court." *Id.* The

Sixth Circuit examined these cases and explained that the differences between the two lines of

precedent were the different factual scenarios presented. *Id.* In *Bituminous*, the court was faced with

an action in which determination of the insurance coverage issue rested on a fact-based question of

state law which was already being considered in two other state court proceedings. *Id.* at 555-56

5

(citing *Bituminous Casualty Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 813-14 (6th Cir. 2004)). In *Northland*, however, the insurer was not a party to the state court action so that "neither the scope of the insurance coverage nor the obligation to defend was before the state court." *Id.* at 556 (citing *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003)). In *Flowers*, the court concluded that the issue addressed was not before the state court as in *Northland* and there was not a disputed issue of fact that was being addressed by the state court as in *Bituminous*. *Id.* For these reasons, the court held that the district court's declaratory judgment did settle the controversy between the parties. *Id.*

In the case at bar, Secura is not a named party to the state court action, however, the issues that it has raised in district court will eventually be heard by the state court due to the claims asserted by Gray Company against Green. Additionally, there is a factual determination that is required in order for this Court to rule on Secura's Petition for Declaratory Judgment: the date that Green last performed construction activities under its contract with Gray Company. However, as asserted by Secura, this factual question is not one which will be ruled on by the state court in the underlying tort action; it will only be determined by the state court in the subsequent indemnification action by Gray Company.

Gray Company reasons that because the plaintiff in state court must prove that one or more defendants breached a duty owed to the decedent and said breach was a substantial factor in causing her injuries and subsequent death, then the contractual performance, time of performance, and completion of performance will be at issue in the tort action. While the Court agrees with the burden on the state court plaintiff, and that performance of the contractors will be at issue, the Court does not find the specific date of completion five years prior to the injury will be directly at issue. The

6

state court plaintiff need only establish the performance of each defendant, not the specific dates of performance. Therefore, this Court would not be deciding an issue that is already being considered in state court proceedings or an issue which is dependent upon discovery already being propounded in state court. *See Bituminous Casualty Corp.*, 373 F.3d at 813-14. Even if these facts are at issue in the state court, the policy considerations set out by the Sixth Circuit counsel the Court to exercise jurisdiction in this case.

Secura has argued there is an urgency to the determination of this factual issue at this time, rather than at the conclusion of the state court case. Secura stated in its Response, "Secura needs to know the true construction completion date as soon as possible so that Secura can begin defending Gray Company in the [state court] Lawsuit and protect Secura's interest under that Primary Policy." This goes directly to the policy consideration stated by the Sixth Circuit "permitting a party to determine its legal obligations as quickly as possible" which is at odds with the policy of consolidating litigation into one court. *Flowers*, 513 F.3d at 555. In this case, the policy of allowing a party to determine its legal obligations as quickly as possible is favored, in light of the fact that the facts at issue will likely not have to be litigated in state court in the underlying tort action.

The Court's determination of the Petition for Declaratory Judgment will settle the controversy between the parties in this case, although it will not settle the controversy between the parties in state court. Gray Company argues that because the plaintiffs in the state court action are not parties to this action the declaratory judgment can not settle the controversy. Gray Company is correct in its assertion that the plaintiffs in the underlying action may still have a claim against Secura regardless of the ruling of this Court; however, the claim between Gray Company and Secura would be settled and their legal relationship clarified. The Sixth Circuit, in *Flowers,* permitted an

7

exercise of jurisdiction when the exercise of jurisdiction would only clarify the legal relationship

between the parties to the federal petition. *Id.*  Under the analysis set forth by the Sixth Circuit in

*Flowers*, the first factor suggests the exercise of jurisdiction.

### II. Clarification of the Legal Relations at Issue

The second factor the Court must determine is whether the declaratory judgment will clarify

the legal relations at issue.  This second factor "is closely related to the first factor and is often

considered in connection with it . . . .  Indeed, it is almost always the case that if a declaratory

judgment will settle the controversy, then it will clarify the legal relations in issue." *Flowers*, 513

F.3d at 557.   The Sixth Circuit explained that similarly to the split that had developed in the first

factor, there was a split in  precedent concerning the second factor. *Id.*  Some cases held that a

district court's judgment need only clarify the legal relations presented in the declaratory judgment

action, while others held that the judgment must also clarify the legal relations in the underlying

state action.  *Id.* In *Flowers*, the Sixth Circuit adopted the precedent holding that the judgment of

the district court need only clarify the legal relations presented in the declaratory judgment action.

*Id.* (stating, "we focus only on whether a federal declaratory judgment will clarify the legal

relationships presented to the district court").  Specifically, the district court must consider whether

the district court's judgment will "resolve, once and finally, the question of the insurance indemnity

obligation of the insurer." *Id.*

In this case, just as the declaratory judgment of the Court would settle the controversy, it

would clarify the legal relationship between the parties to this action. Again, while Gray Company

is correct that it will not clarify the relationship between the parties to the state action, the Sixth

Circuit has expressly held that the test will be clarification of the legal relationship in the federal

action.  The judgment of this Court will resolve the insurance indemnity obligation of the insurer, once and finally.

Gray Company argues that the plaintiff in the underlying tort claim is a necessary party to this action since he would have a potential third party claim against Secura.  However, the plaintiff in the underlying action is not required to clarify the legal relationship between Secura, Gray Company and Green.  The petition by Secura seeks only to determine coverage under the Primary Policy and umbrella policy issued to Green and to interpret the contract between Green and Gray Company.  These three parties are all parties to this declaratory action.  While Gray Company is correct that because this action is a diversity action Kentucky law governs the substantive decision of the legal relationships between the parties, Kentucky's declaratory judgment law does not govern whether or not it is proper for a  federal court to exercise its jurisdiction to hear a petition for declaratory judgment.  Additionally, the determination of the coverage issues raised before this court will not prejudice the recovery of the plaintiff in the underlying action.  The Court finds that the second factor points toward exercising jurisdiction.

### III.  Race for Res Judicata

The third factor for the district court to consider is "whether the declaratory judgment action is motivated by 'procedural fencing' or likely to create a race for *res judicata*." *Flowers*, 513 F.3d at 558.  The Sixth Circuit explained, this factor is "meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum.'" *Id.* The court is "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id.* (citing *Travelers Indemnity Co., v. Bowling Green Professional Associates, PLC,*

495 F.3d 266, 272 (6th Cir. 2007)).  In *Bituminous*, the court found that where the state court action

was filed two years prior to the declaratory judgment, the court will give the plaintiff "the benefit

of the doubt that no improper motive fueled the filing of this action." 373 F.3d at 814.  "A district

court should not deny jurisdiction to a plaintiff who has not 'done any more than choose the

jurisdiction of federal rather than state court, a choice give by Congress.'" *Flowers*, 513 F.3d at 558

(citing *State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247, 250 n.1 (6th Cir. 1986)).  In *Flowers,*

the federal action was brought several years after the state court proceedings  began and the court

held that while the declaratory judgment action "may have been an attempt to preempt an issue

which the state court would eventually consider, the Declaratory Judgment Act gives [the plaintiff]

the right to do precisely that, especially when the state court litigation has been ongoing for several

years without resolving the issue." *Id.*

In this case, Secura brought this cause of action one year after the underlying Amended

Complaint was filed in state court.  Gray Company has argued that the underlying state court

plaintiffs have made an effort to focus all claims and issues in one court.  Additionally, Gray

Company asserts those issues will be heard by the state court due to its claims against Green.

However, this appears to be the specific situation addressed by the Sixth Circuit in *Flowers*: the

plaintiff has a right to preempt an issue which the state court may eventually hear, especially when

the state court litigation has been ongoing for years.  Gray Company even states that a personal

injury action with nine defendants will proceed slowly.  The Court finds, giving Secura the benefit

of the doubt, that this action was not brought in order to create a race for res judicata or for

procedural fencing purposes.   This factor directs exercising of jurisdiction.

**IV. Increased Friction between Federal and State Courts**

The fourth factor considered by the district court is "whether accepting jurisdiction would increase friction between federal and state courts." *Id.* at 559. "[T]he mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir. 1987). In fact, the Court must look at three other factors in analyzing this factor.

### a. Resolution of the Factual Issues

First, the Court must determine whether the state court's resolution of the factual issues is necessary to the district court's resolution of the declaratory judgment. *Flowers*, 513 F.3d at 560. Exercise of jurisdiction is inappropriate if "resolution of the issue raised in federal court will require making factual findings that might conflict with similar findings made by the state court." *Id.* (citing *Travelers*, 495 F.3d at 272).

In this case, the factual findings related to resolution of the issue before this Court are not similar to findings that are required to be made by the state court. The factual determination that is required in order for this Court to rule on Secura's Petition for Declaratory Judgment is the date that Green last performed construction activities under its contract with Gray Company. However, as asserted by Secura, this factual question is not one which will be ruled on by the state court in the underlying tort action; it will only be determined by the state court in deciding Gray Company's pending claim against Green for attorney fees and costs. The timing of construction activities is not an element of the tort plaintiff's wrongful death cause of action. Therefore, this Court would not be deciding an issue that is already being considered in state court proceedings or an issue which is dependent upon discovery already being propounded in state court. This sub-factor points toward the exercising of jurisdiction.

Gray Company asserts that the contractual performance, including the timing and completion of performance, of each defendant in the underlying state suit are all relevant facts to be determined by the state court and are also at issue here. The Court maintains this narrow issue will not encroach on state court proceedings or offend the principals of comity. While the state court plaintiff must establish the performance of each contractor, the specific dates of performance are not relevant to the underlying wrongful death action. Even if the Court were to find that these facts were to be decided in state court, the balance of these factors still counsels for the exercising of jurisdiction.

### b. Court in a Better Position to Resolve the Issues in the Declaratory Judgment

The next sub-factor "focuses on which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Id.* Generally, state courts are in a better position to decide novel questions of state law. *Id.* It is not required, however, that every time there is a undetermined question of law the federal court must decline jurisdiction. *Id.* This factor "appears to have less force when the state law is clear and when the state court is not considering the issues." *Id.*

In this case, Secura's claim is not a novel question of state law, but merely contract interpretation. Kentucky law on interpretation of contracts is well-settled and the state court will not be considering these issues until after the primary case, the tort action, when the court reaches Gray Company's claims against Green. This sub-factor points toward the exercising of jurisdiction.

As to the factual determination of the date of Green's last construction activities under the contract, it appears neither court is in a better position than the other to make the determination. While the discovery process has been on going for at least a year in the state court, that discovery has been focused on the underlying tort action, not Gray Company's claims for coverage or indemnity. In fact, discovery regarding this issue would likely not begin until the completion of the

12

underlying tort action.  Since, at this point, neither state nor federal court has had discovery of this issue propounded both are equally capable of deciding the issues.  Additionally, as stated previously, this is not an issue likely to be addressed at trial on the tort action so that the state court is not likely to be placed in a better position than the district court to address this issue.  Even if these are facts to be addressed by the state court at the trial of the tort issue as asserted by Gray Company, on balance the other factors still suggest exercising jurisdiction.

### c. Close Nexus between Underlying Facts and Legal Issues and State Law

The final sub-factor requires the court to determine whether the issue in the federal action implicates important state policies and therefore would be more appropriate for the state court to address.  In *Bituminous*, the Sixth Circuit stated that "insurance contract interpretation [is a] question[] of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve." 373 F.3d at 815.  Additionally, the court explained the public policy reason: "'states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation.'" *Id.* (citing *Mercier*, 913 F.2d at 279).    The court went on to say, "[h]owever, not all issues of insurance contract interpretation implicate such fundamental state polices that federal courts are unfit to consider them." *Flowers*, 513 F.3d at 561. In *Northland*, the court reasoned that because Northland Insurance was not a party to the state court action and the issues before the federal court were not before the state court, the principles of comity would not be offended. 327 F.3d at 454.  On the other hand, in *Flowers*, the court held that "despite the clear indications from the Kentucky courts regarding how such an issue should be resolved, Kentucky courts are in a better position to resolve the insurance policy interpretation in this case." 513 F.3d at 561.

Drawing on the holdings in *Northland* and *Flowers*, this factor points toward declining jurisdiction. Secura is not a named party to the underlying state action. However, the issues raised in Secura's Petition for Declaratory Judgment will be addressed by the state court at some point due to the claims raised by Gray Company against Green. Kentucky courts are in a better position to resolve insurance policy interpretations, even in the face of clearly established law on the issue. Although this sub-factor points toward declining jurisdiction, two of the three sub-points reflect that jurisdiction should be exercised. The Court finds the fourth factor, taken as a whole, points toward exercising jurisdiction. Accepting Gray Company's argument concerning the factual issue, this factor would counsel against exercising jurisdiction; however, on balance the factors taken together still suggest exercising jurisdiction.

## V. Availability of Alternative Remedy

The final factor the district court must consider is whether there is an alternative remedy available to the plaintiff. The Sixth Circuit stated "[a] district court should 'deny declaratory relief if an alternative remedy is better or more effective." *Id.* at 562. Kentucky law provides an alterative remedy pursuant to KRS § 418.040. Another possible remedy is an action for indemnity. The Sixth Circuit states again that there is a split in precedent "whether the possibility of seeking a declaratory judgment or indemnity action in state court counsels against the district court exercising jurisdiction." *Id.* The Court holds that "rather than applying a general rule, our inquiry on this factor must be fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff." *Id.*

In this case, Secura could have filed a declaratory action in the Kentucky courts. This alternative would have been preferred since the Kentucky courts are in a superior position to resolve

14

an insurance policy issue. Additionally, these two actions could have been combined so they were determined by the same judge. However, since the law is relatively clear as to this issue, the federal district court is not a wholly inferior forum. *See Id.*

The remedy of indemnity action would not have been adequate in this instance. Secura is not providing any defense for Gray Company at this time. The action for indemnity would accrue in Gray Company against Green and Secura. Gray Company has already filed a claim against Green for attorney fees and costs.

Taken as a whole, in light of the remedies available to Secura, the Court finds this final factor to counsel against exercising jurisdiction. However, this factor does not advise so strongly against jurisdiction as to nullify the effect of the other factors in favor of exercising jurisdiction.

## VI. Balancing of the Factors

The Sixth Circuit has not yet indicated how these factors are to be balanced. *Id.* at 563. Applying the factors as set forth by the Sixth Circuit in *Flowers*, this Court finds that two of the factors clearly counsel in favor of exercising jurisdiction while only one is clearly against the exercising of jurisdiction. Of the remaining factors, the first factor, concerning settlement of the controversy, is primarily in favor of the exercising of jurisdiction; however it is less clear than the other factors based on Gray Company's argument concerning the determination of the factual issue. The fourth factor, concerning which court is in a better position to handle the issue, likely favors the Court declining jurisdiction taking at true Gray Company's argument regarding the factual issue. However, looking at the factors as a whole, the Court finds that exercising jurisdiction is proper.

### CONCLUSION

For the foregoing reasons IT IS HEREBY ORDERED that the Defendant, Gray

Construction's, Motion for the Court to Exercise its Discretion and Decline to Accept Jurisdiction is DENIED; the Plaintiff's Motion for Leave to file a Sur-Reply and Set Oral Argument is GRANTED in part and DENIED in part.  The Court will allow the Plaintiff to file a Sur-Reply and has considered the Sur-Reply in its opinion, however, the request for an oral argument is denied.