UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:09-CV-00073-TBR

**SECURA INSURANCE COMPANY**                                      **PLAINTIFF**

**v.**

**GRAY CONSTRUCTION, INC. d/b/a**
**JAMES N. GRAY CONSTRUCTION COMPANY, and**
**GREEN MECHANICAL CONSTRUCTION, INC.**                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff, Secura Insurance Company's ("Secura"), Motion for Clarification of this Court's June 3, 2010 Order (DN 46). Defendant, James N. Gray Company ("Gray"), has filed a response (DN 49). Defendant Green Mechanical Construction, Inc. ("Green"), has filed a response (DN 50). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is GRANTED.

**BACKGROUND[1]**

The parties to this declaratory judgment coverage action submitted competing motions for summary judgment. This Court ruled on those motions in its June 3, 2010, Memorandum Opinion and subsequent Order. One issue raised by Gray in its motion for summary judgment was the payment of its attorneys' fees for this declaratory judgment action now before the Court. The Court held Gray was entitled to recover the fees that Gray had incurred in this coverage declaratory judgment action.

Secura now moves the Court for clarification as to which party is obligated to pay Gray's coverage fees, Secura or Green, and as to the Court's citation to an additional case not cited by the

---

[1] For a more complete factual background see the Court's Memorandum Opinion entered June 3, 2010.

parties in their briefs.

## DISCUSSION

Secura first asks the Court to clarify who has to pay Gray's coverage fees: Secura or Green. Secura asserts it was not a party to the Subcontract between Gray and Green and the Court's ruling was entirely premised on the Subcontract; therefore, the June 3, 2010 ruling was ordering Green to pay Gray's attorneys' fees in this coverage litigation.

Gray argues Secura is obligated to provide a defense to Green, therefore, Secura is obligated to pay Gray's attorneys' fees. Gray asserts Secura has a duty arising out of the policy and the subcontract to defend and indemnify Green for is expenses associated with the negligence claim.

Green asserts there has been no claim for attorneys' fees pending against it in this proceeding. Green argues that had a claim been raised, it would have then sought recovery from Secura under the "insured contract" provision in the Secura policy. Green concludes that the Court should exclude any order of relief against Green.

The Court agrees that clarification is needed. The coverage issue involved in the opinion was premised upon the interpretation of Secura's insurance policies, not necessarily the interpretation of the Gray/Green Subcontract. It is clear Gray has asserted no claim for attorneys' fees against Green. The issue of whether Secura's policy obligates it to reimburse Green for any payment Green could owe to Gray would involve an interpretation of Secura's policy. That coverage question was not before the Court.

Likewise, since Gray has not asserted a claim for attorneys' fees against Green, that question is not before the Court. *Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136, 147 (Ky. 1991) (absent a specific provision in a contract between the parties or a fee-shifting statute, each party

2

assumes responsibility for his or her own attorneys' fees); *Aetna Casualty & Surety Co. v. Commonwealth of Kentucky*, 179 S.W.3d 830, 842 (Ky. 2005) (court refused to award recovery of attorneys' fees citing *Nucor*).

Under that precedent, Gray is not entitled to attorneys' fees incurred in a declaratory judgment coverage action. The Court will order Section IV stricken from its June 3, 2010 Memorandum Opinion. There is no judgment for Gray against either Secura or Green for attorneys' fees.

As the Court has stricken Section IV regarding attorneys' fees from its Memorandum Opinion, the Court need not clarify its reliance on *Adkins v. Chrysler Financial Corp.*, 344 Fed. App'x 144, 148 (6th Cir. 2009).

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Plaintiff's Motion for Clarification is **GRANTED**.

**IT IS FURTHER ORDERED** Section IV of the Court's June 3, 2010 Memorandum Opinion is **STRICKEN**. Judgement for Gray against Secura or Green for attorneys' fees is **DENIED**.